## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KHALI MAJEED NELSON,           :
                               :     Civil Action No. 10-1374 (JBS)
               Plaintiff,      :
                               :
          v.                   :     **MEMORANDUM OPINION**
                               :
THE STATE OF NEW JERSEY,       :
et al.,                        :
                               :
               Defendants.     :


**APPEARANCES**:

Plaintiff pro se
Khali Majeed Nelson
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330


**SIMANDLE**, District Judge

     Plaintiff Khali Majeed Nelson, a pre-trial detainee confined

at Atlantic County Justice Facility in Camden, New Jersey, seeks

to bring this civil action in forma pauperis, without prepayment

of fees or security, asserting claims pursuant to 42 U.S.C.

§ 1983.

     Civil actions brought in forma pauperis are governed by 28

U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L.

No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which

amends 28 U.S.C. § 1915, establishes certain financial

requirements for prisoners who are attempting to bring a civil

action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis
actions).  See also 28 U.S.C. § 1915A (dismissal of actions in
which prisoner seeks redress from a governmental defendant); 42
U.S.C. § 1997e (dismissal of prisoner actions brought with
respect to prison conditions).  If the Court dismisses the case
for any of these reasons, the PLRA does not suspend installment
payments of the filing fee or permit the prisoner to get back the
filing fee, or any part of it, that has already been paid.

    If the prisoner has, on three or more prior occasions while
incarcerated, brought in federal court an action or appeal that
was dismissed on the grounds that it was frivolous or malicious,
or that it failed to state a claim upon which relief may be
granted, he cannot bring another action in forma pauperis unless
he is in imminent danger of serious physical injury.  28 U.S.C.
§ 1915(g).

    In this action, Plaintiff failed to submit a complete in
forma pauperis application as required by 28 U.S.C. § 1915(a)(1),
(2).  Specifically, Plaintiff failed to include the required six-
months certified institutional account statement.  See, e.g.,
Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir.
2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  In
addition, Plaintiff states in response to question 3(e) on that
application that he has received money from "other sources"
within the past twelve months, but he fails to describe the

source of money, the amount received, and what he expects he will

continue to receive.  Thus, the application is incomplete.

The allegations of the Complaint do not suggest that

Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application for

leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied without

prejudice and the Clerk of the Court will be ordered to

administratively terminate this action, without filing the

complaint or assessing a filing fee.  Plaintiff will be granted

leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


 **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **March 19, 2010**

---

[1] Such an administrative termination is not a "dismissal"
for purposes of the statute of limitations, and if the case is
reopened pursuant to the terms of the accompanying Order, it is
not subject to the statute of limitations time bar if it was
originally filed timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266
(1988) (prisoner mailbox rule); <u>McDowell v. Delaware State
Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice
v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995).